# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>**This Document Relates to:**<br><br>***County of Webb, Texas v. Purdue Pharma, L.P. et al,* Case No. 1:18-op-45175-DAP (N.D. Ohio)** | **MDL No. 2804**<br><br>**Case No. 17-MD-2804-DAP**<br><br>**Judge Dan Aaron Polster** |

**PLAINTIFF'S CONSOLIDATED MOTION TO SEVER NON-PBM DEFENDANTS FROM CLAIMS AGAINST PBM DEFENDANTS EXPRESS SCRIPTS AND OPTUM, AND PERMIT AMENDMENT OF ITS COMPLAINT**

## INTRODUCTION

On January 25, 2023, the Court granted Plaintiff's Consolidated Motion for Leave from Moratorium on Substantive Filings to file this Consolidated Motion to Sever Non-PBM Defendants From Claims Against PBM Defendants Express Scripts and Optum and Permit Amendment of Its Complaint.

## BACKGROUND

Opioid Manufacturer Defendants have produced millions of documents into this MDL. Pursuant to DR 22, the PBMs have likewise produced hundreds of thousands of documents. An extensive review of these documents has given Plaintiff significant further insight into the historic and current operations and activities of Express Scripts and Optum and their corporate affiliates (collectively "PBMs") that it did not have at the time of filing its original and amended complaints.

Plaintiff's currently operative complaint focuses primarily on the PBMs' activities in constructing formularies and associated utilization management that gave preferred formulary placement to opioids and that intentionally did not place any restrictions on the dispensing of opioids that PBMs knew would lead to opioid epidemic. Plaintiff's current operative complaint also focuses on Express Scripts and Optum's role within the closed system: each of these PBMs operates pharmacies that are ranked in the top five nationally based on revenue and each has moved billions of opioid MMEs throughout the relevant time period.

Those core allegations remain, but discovery from the Opioid Manufacturer Defendants, and the PBMs themselves makes evident that Express Scripts and Optum's role in the opioid epidemic was even more expansive. For example, after reviewing discovery, Plaintiff learned that Express Scripts and Optum began working directly with Opioid Manufacturer Defendants such as Purdue, Teva, Endo, Janssen, and Indivior in the late 1990s and early 2000s to help the manufacturers convince prescribers and other members of the public that opioids were safe, not

addictive, and could be prescribed freely without due regard for patient safety. Indeed, Plaintiff has discovered that these two PBMs played a leading role in the very activities that gave rise to the opioid epidemic—and gave rise to  manufacturer liability—in the first place.

This is not mere hyperbole or speculation. The manufacturer-produced documents show that PBMs contracted with Opioid Manufacturer Defendants to craft false messages about whether opioids were truly addictive, helped produce "research" studies so Opioid Manufacturer Defendants could back up this false messaging, and helped the Opioid Manufacturer Defendants directly target prescribers and gain preferred access to PBM formularies so that opioids could take the quickest, most direct route from manufacturer to patient.

These facts, elicited from the Opioid Manufacturer Defendants' document productions, have only very recently come to light through detailed and extensive document review undertaken by counsel for the County. The County seeks to amend its operative complaint to add the allegations uncovered through its investigation.

The County also seeks to sever the Express Scripts and Optum PBM Defendants from all other Defendants in this case. In light of the multiple bankruptcy filings and settlements that have occurred since the filing of the operative complaint, only a handful of defendants still remain. The PBM activities as described in the proposed amended complaint are distinct from the activities of these remaining defendants, and thus judicial efficiency counsels in favor of severance.

In sum, for the reasons set forth herein, the County respectfully requests that the Court sever PBM Defendants Express Scripts and Optum, and grant leave for Plaintiff to file the Third Amended Complaint attached hereto as **Exhibit A**.

## ARGUMENT

### A.    Standards of Review

#### 1.    <u>Severance</u>

Rule 21 of the Federal Rules of Civil Procedure governs motions to sever. The rule permits the district court broad discretion in determining whether or not claims or actions should be severed. *See Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citations omitted). *See also, Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (upholding severance decision where "the district court plainly had sound administrative reasons to try to simplify a case that was becoming increasingly unmanageable").

Courts consider a number of factors when determining whether to sever claims, including:

(1)    whether the claims arise out of the same transaction or occurrence;

(2)    whether the claims present some common questions of law or fact;

(3)    whether settlement of the claims or judicial economy would be facilitated;

(4)    whether prejudice would be avoided if severance were granted;

(5)    whether different witnesses and documentary proof are required for separate claims.

*Parchman*, 896 F.3d at 733 (*citing Productive MD, LLC v. Aetna Health, Inc*., 969 F.Supp.2d 901, 940 (M.D. Tenn. 2013)).

#### 2.    <u>Amendment</u>

Federal Rule of Civil Procedure 15(a) governs a plaintiff's ability to amend the complaint. The granting or denial of a motion to amend pursuant to Rule 15(a) is likewise within the discretion of the trial court. Leave to amend a complaint should be liberally granted, *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), and a Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Myers v. City of Centerville*, 2023 U.S. Dist. LEXIS 8297, *2-4, 2023 WL 195427 (*citing Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)).

### B.    The Court Should Permit Plaintiff to Sever the PBM Defendants

As this Court is aware, Opioid Manufacturer Defendants Purdue, Teva, Endo, Janssen, Mallinckrodt and Indivior have either filed for bankruptcy or entered into global settlement agreements. The Distributor Defendants have likewise reached a global settlement. The national Pharmacy Defendants are in the process of finalizing a global settlement deal. These activities have reduced the number of active defendants in this MDL. At the same time, Plaintiff's further investigation has uncovered facts about Express Scripts and Optum's conduct that do not directly involve the remaining non-PBM Defendants.

Given these realities, severance is appropriate. Many of the claims Plaintiff asserts against the PBM Defendants in its proposed amended complaint do not "arise out of the same transaction or occurrence" as those claims involving the remaining non-PBM Defendants. Importantly, the claims do not generally share common issues of fact. Notably, none of the newly discovered facts come from documents produced by the remaining non-PBM Defendants. And while they do involve some "common issues of law," the Court's ruling on these legal issues can still guide the claims against the remaining non-PBM Defendants' claims even if severance is granted. Lastly, proof of the allegations against Express Scripts and Optum involves different witnesses, different documents, and different theories than proof of the allegations against the remaining non-PBM Defendants. Thus, granting Plaintiff's request to sever will simplify discovery, make the case more administratively manageable, and avoid jury-confusion at trial.

In addition, severance will doubtless enhance judicial efficiency by enabling the Court to focus on the unique issues involved in the County's claims against the PBMs, particularly if this case is chosen as a PBM bellwether. *See, e.g., In re E.I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 204 F.Supp.3d 962, 968 (S.D. Ohio 2016) (bellwether cases were specifically chosen for the purpose of "information gathering that would facilitate valuation of cases to assist in global settlement.")

Finally, severance does not prejudice any of the Defendants given that this case has been subject to a moratorium. For the non-PBM Defendants, severance will simply preserve the status quo. For the PBM Defendants, severance will enable them to proceed with enhanced efficiencies since they will no longer have to deal with additional defendants and the attendant complications.

### C.     The Court Should Grant Leave to Permit Plaintiff to Amend

The Court should also grant leave and permit Plaintiff to amend its complaint. As noted, leave to amend is freely granted absent irresponsible delay or undue prejudice to the opposing party. These factors are not present here.

Plaintiff has not acted in bad faith or unduly delayed in filing the requested amendments. On the contrary, as the Court is aware, there has been a moratorium in place that barred substantive filings by Plaintiff. Notwithstanding the moratorium, Plaintiff has continued to investigate its claims and diligently reviewed the millions of documents produced into the MDL by Opioid Manufacturer Defendants, such as Purdue, Teva, Endo, Janssen and Mallinckrodt. During its review, Plaintiff uncovered additional evidence of PBM activities in regards to the opioid epidemic previously unknown to anyone. Plaintiff promptly, indeed even in advance of any lift of the moratorium, sought leave to amend its operative complaint to include allegations stemming from this newly-discovered evidence.

Moreover, Plaintiff's proposed amendment does not unduly prejudice the PBM Defendants. Prejudice to the opposing party is also a critical consideration in evaluating a motion for leave to amend. *Pandora Distribution, LLC v. Ottawa OH, L.L.C.*, No. 3:12-CV-02858, 2015 WL 968007, at *1 (N.D. Ohio Mar. 4, 2015) ("Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."). Prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party." *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009) (internal citations omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *See Morataya v. Metro RTA*, 5:17-CV-1133, 2017 WL 5495123, at *2 (N.D. Ohio Nov. 16, 2017) ((internal citations omitted)). The party opposing amendment burden of has the burden of showing prejudice. *See Empire Title Services, Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528, 531 (N.D. Ohio 2014) ("[I]n order to deny leave to amend for undue delay, Defendants must show prejudice.").

Plaintiff's proposed amendment does not trigger these concerns. The MDL discovery has not even begun as to Express Scripts and Optum and a trial date has not yet been set. As a result, permitting Plaintiff to amend its complaint will not significantly delay the resolution of this lawsuit or cause the PBM Defendants undue difficulty. Moreover, since its case has been under a strict moratorium, fairness and equity counsel in favor of permitting the Plaintiff to present fulsome allegations backed by recently-discovered evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court to grant its motion for severance and to grant it leave to file the amended complaint attached hereto as **Exhibit A**.

A proposed Order is attached hereto as **Exhibit B**.

Dated: February 17, 2023

/s/ *Joanne M. Cicala*

**THE CICALA LAW FIRM PLLC**
Joanne M. Cicala
Josh Wackerly
R. Johan Conrod, Jr.
Cristina Moreno
Shelbi Flood
101 College Street
Dripping Springs, TX 78620
joanne@cicalapllc.com
johan@cicalapllc.com
josh@cicalapllc.com
cristina@cicalapllc.com
shelbi@cicalapllc.com
Tel.: (512) 275-6550
Fax: (512) 858-1801

**SANFORD HEISLER SHARP, LLP**
Kevin Sharp
Christine Dunn
ksharp@sanfordheisler.com
cdunn@sanfordheisler.com
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Tel: (615) 434-7000
Fax: (615) 434-7020

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 17, 2023, a copy of the above and foregoing was electronically filed using the CM/ECF system, which will send a notification to all counsel of record.

*/s/ Joanne M. Cicala*
Joanne M. Cicala